UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTONIO DARNELL MAYS,

        Plaintiff,

        v.                                  Case No. 22-cv-1180-bhl

SARAH COOPER, et al.,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff Antonio Darnell Mays, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Mays' motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

    Mays requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Mays filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.29. Therefore, the Court will grant the motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Mays is an inmate at the Green Bay Correctional Institution (GBCI). Dkt. No. 1. Defendants are Division of Adult Institutions ("DAI") Administrator Sarah Cooper, DAI Security Chief Robert Miller, DAI Office of Management and Budget ("OMB") Director Wendy Monfils, and GBCI Sergeant Reignier. *Id*. at 1.

Mays alleges that, on or around April 7, 2022, he refused to consent to sending his mail to a 3rd party vendor (TextBehind) to read and process. *Id*. at 2-3; *see also* Dkt. No. 1-1 at 2. Mays explains that TextBehind is located out-of-state in Maryland, so it takes up to six weeks to process his mail. Dkt. No. 1 at 2-3. He explains that TextBehind "does not process legal mail" and is only supposed to process non-legal mail. *Id*. But because he has refused to consent to TextBehind processing his non-legal mail, the defendants are also withholding his legal mail (i.e. mail sent by the Court and his attorneys), which he is willing to have inspected as usual. *Id*. at 2; *see also* Dkt. No. 1-1 at 2 (explaining that Mays signed a consent to inspect his legal mail in 2019 when he arrived at GBCI and "he is not withdrawing that consent."). Mays says that failing to receive his legal mail is affecting his criminal appeals and his pending civil lawsuits. Dkt. No. 1 at 2-3.

According to exhibits attached to the complaint, TextBehind photocopies all non-legal inmate mail, sends the photocopy to the institution, and keeps the original copy for 30 days. Dkt. No. 1-1 at 2. If there is an issue with the photocopy, inmates have 14 days to file a complaint. *Id*. After 30 days, original mail and envelops are shredded by a third party NSA certified in Maryland. *Id*. According to the exhibits, "[t]he Wisconsin Department of Corrections is experiencing a significant increase in contraband entering the institutions." *Id*. Therefore, original mail and envelops are no longer processed at the institution and only photocopies are available to inmates. *Id*. The exhibits confirm that the TextBehind screening process does not apply to *legal* mail, which

is still sent to the institution and processed as usual, except that it is being withheld from prisoner, like Mays, who decline to consent to having their non-legal mail handled by TextBehind. *Id*. For relief, Mays seeks monetary damages and immediate delivery of all of his legal mail. *Id*. at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Inmates have a First Amendment right to receive mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)). But that right does not preclude prison officials from examining the mail to ensure that it does not contain contraband. *Id*. (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Prison regulations that restrict the right to receive mail are valid if they reasonably relate to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987). To determine reasonableness, the Court considers whether there is a valid, rational connection between the prison's objective and the regulation; whether alternative means of exercising the right are available; whether accommodating the asserted right unduly impacts the prison's resources; and whether obvious, easy alternatives exist to accommodate the prisoner's rights. *Id*.

An inmate has even greater rights with respect to *legal* mail. *See Guajardo-Palma v. Martinson*, 622 F.3d 801 (7th Cir. 2010). The law recognizes stronger protections for legal mail to protect an inmate's right of access to the courts and the right to communicate with attorneys. *Id*. at 803-806. Accordingly, when a prison receives a letter for an inmate that is marked legal mail (whether sent by his attorney, the Court, or another agency), officials may inspect the mail for contraband, but they must do so in the presence of the inmate. *Id*.; *see also Wolff*, 418 U.S. at

576-77. This carefully balanced approach protects the institution's legitimate penological interest in stopping contraband against a prisoner's Constitutional rights to access the courts and communicate with counsel. *See id*.

Other courts in this district have concluded that requiring an inmate to consent to the TextBehind screening process in order to receive non-legal mail is reasonably related to the legitimate penological interest of preventing the introduction of drugs and contraband into the institution. *See Walker v. Boughton, et al.*, No. 22-CV-1392-WCG, Dkt. No. 18 at 7-10 (E.D. Wis. Dec. 6, 2022); *see also Stibbe v. Evers*, No. 22-CV-278-PP, 2022 WL 1225299, at *8-9 (E.D. Wis. Apr. 26, 2022). As one court explained, "[b]y mailing copies to inmates rather than originals, the DOC addresses the threat of drugs being introduced into institutions on drug-soaked paper." *See Walker*, Dkt. No. 18 at 10. Mays has attached documents to his complaint showing that his non-legal mail was denied due to his refusal to consent to TextBehind's screening process. Dkt. No. 1-1. Therefore, to the extent Mays seeks to proceed on a First Amendment claim in connection with non-delivery of his non-legal mail, he does not have a claim. Indeed, "[i]nmates who prefer[] that TextBehind not copy and deliver their non-legal mail [are] free to withhold their consent, but the consequence for doing so [is] that their non-legal mail [will] not be delivered to them." *See Walker*, Dkt. No. 18 at 10.

But without further development of the record, it's unclear what legitimate penological purpose is served by conditioning inmates receipt of legal mail, which is not processed by TextBehind, on their consenting to having TextBehind process their non-legal mail. *See Walker*, Dkt. No. 18 at 10-11. Legal mail is generally mail sent by the Court and attorneys, so the legitimate penological interest of preventing the introduction of contraband into the institution does not apply in the same way. *Id*. At this stage of the litigation, the Court can reasonably infer that refusing to deliver Mays' legal mail, despite his willingness to comply with the standard screening process for legal mail, unnecessarily interferes with his ability to prosecute his cases and confer with his

5

attorneys. Accordingly, Mays may proceed on a First Amendment claim based on allegations that the defendants are denying delivery of his legal mail even though he only refuses to consent to TextBehind screening his non-legal mail.

## Conclusion

The Court finds that Mays may proceed on a First Amendment claim based on allegations that the defendants are denying delivery of his legal mail even though he only refuses to consent to TextBehind screening his non-legal mail.

**IT IS THEREFORE ORDERED** that Mays' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Mays shall collect from his institution trust account the **$348.71** balance of the filing fee by collecting monthly payments from Mays' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Mays is transferred to another institution, the transferring institution shall forward a copy of this Order along with Mays remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Mays is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on January 19, 2023.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge